IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : 2:14-CR-0205-MRH |
| | : |
| PRICE MONTGOMERY *et al* | : |

**BENCH MEMORANDUM REGARDING WITNESS' ASSERTION OF THE PRIVILEGE AS TO HER WORK AS ATTORNEY GENERAL IN MARCH – APRIL 2014 AND HER RELATIONSHIP WITH ADRIAN KING**

Witness Kathleen G. Kane, by her attorney, Thomas J. Farrell of Farrell & Reisinger, LLC, submits this Bench Memorandum in Support of her assertion of her Fifth Amendment privilege.

### I. Ms. Kane's Testimony in the Grand Jury Does Not Waive Her Fifth Amendment Privilege for This Proceeding.

More than early 60 years ago, our Court of Appeals observed, "It is settled by the overwhelming weight of authority that a person who has waived his privilege of silence in one trial or proceeding is not estopped to assert it as to the same matter in a subsequent trial or proceeding." *In re Neff*, 206 F.2d 149, 152 (3d Cir. 1953). *Neff*, like this case, involved a witness whose testimony before a grand jury earned her a perjury conviction. While her appeal was pending, she was subpoenaed as a witness in another defendant's trial and asserted her privilege. The trial judge overruled the assertion and held her in contempt, a ruling that the Court of Appeals reversed as based on an erroneous waiver finding.

This remains the law. In fact, one of the defense attorneys in this case, Mr. Sughrue, litigated and lost this very issue before this Court and the Court of Appeals in *Slutzker v. Johnson,* 393 F.3d 373, 389 (3d Cir. 2004)(Becker, J.), where the Court of Appeals affirmed the district court's and the Common Pleas court's rulings that a witness' testimony at the coroner's inquest did not prevent her from validly asserting the privilege at the subsequent homicide trial. *See also Pillsbury Co. v. Conboy,* 459 U.S. 248 (1983)(witness could not be compelled to give a deposition to repeat his immunized testimony because new testimony was a new incriminating event).

### II. Ms. Kane's Privilege Continues Through Her Appeal.

The Fifth Amendment privilege retains its force through at least direct appeal. "Surely, it is clear beyond any peradventure of doubt that [the witness]—with the state criminal proceedings still zoetic—had a perfect right to claim their Fifth Amendment privilege." *State of R.I. v. Cardillo*, 592 F. Supp. 655, 658 (D.R.I. 1984).[1] *See also Commonwealth v. Melvin,* 79 A.3d 1195, 1201-02 (Pa. Super. 2013)(collecting federal and state cases to this effect).

### III. Questions About Ms. Kane's Conduct As Attorney General in the March – April 2014 Time Frame and Her Relationship with Adrian King are Covered by the Privilege.

The Fifth Amendment privilege against self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure."

---

[1]  A most persuasive authority, proven by use of both "peradventure" and "zoetic" in one sentence.

*Hoffman v. United States,* 341 U.S. 479, 486 (1951).  The "privilege not only extends to answers that would in themselves support a conviction … but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant.'" *Ohio v. Reiner*, 532 U.S. 17, 20 (2001.) A witness may be compelled to answer over her claim of privilege only if it is "perfectly clear from a careful consideration of all the circumstances in the case, that the witness (who invokes the privilege) is mistaken, and that the answer(s) cannot possibly have such a tendency to incriminate." *United States v. Yurasovich,* 580 F.2d 1212, 1216 (3d Cir. 1978)(quoting *Hoffman,* 341 U.S. at 488). The privilege is available even to those who claim innocence because "truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth." *Reiner*, 532 U.S. at 21.

       The Supreme Court has upheld the assertion of the privilege for questions asking a witness if she was associated with an organization that might be involved in criminal activity (the Communist Party) or knew its members. *Blau v. United States,* 340 U.S. 159 (CP membership);  *see, e.g., Emspak v. United States,* 349 U.S. 190, 201 & n.24 (1955)(collecting and citing with approval cases upholding witness' assertion of the privilege as to whether s/he knew witnesses with whom s/he allegedly engaged in criminal activity, "even if the witness perhaps could refute any inference of guilt arising from the answer.")

The Criminal Complaint, the Affidavit of Probably Cause and the Criminal Information against Ms. Kane are attached to this Memorandum as Exhibits A and B. Those charges cover the same time period as at issue in this hearing. Generally, they alleged that Ms. Kane misused her office and her relationship with Mr. King as First Deputy AG to commit the crimes of obstruction of justice in violation of 18 Pa.C.S.A. 5101 and abuse of her office/official oppression in violation of 18 Pa.C.A. 5301 (four counts in the Complaint, two in the Information).. At the heart of the charges is the very relationship between Adrian King and Ms. Kane that has become an issue in this hearing. *See, e.g.,* Affidavit at 24 (describing "the near collapse of the professional relationship between Kane and then-First Deputy Adrian R. King, Jr."). As yesterday's testimony showed, Mr. King testified extensively about the same events in the grand jury that recommended charges against Ms. Kane. At her criminal trial, the prosecution used the transactions at issue here to prove guilt: they were and continue to be incriminating. In fact, pages 7-8, and 24-25 of the probable cause affidavit describe the same events.

Under these circumstances, any questions to Ms. Kane about her actions as Attorney General in the March-April 2014 time period, her relationship with Mr. King and what she may have authorized him to do or not might prove a link in an incriminating chain. Her assertion of the privilege must be upheld as to all these matters.

        Respectfully submitted,

        ___/s/Thomas J. Farrell_____
        Thomas J. Farrell (PA Id. No. 48976)
        Farrell & Reisinger, LLC
        300 Koppers Building
        436 Seventh Avenue, Suite 300
        Pittsburgh, PA 15219
        (42) 894-1380
        *Attorney for Witness Kathleen G. Kane*

Dated:      June 20, 2017